Catron, Ch. J.
delivered the opinion of the court.
The defendant below, Brown, covenanted and agreed to and with the plaintiff, that on or before the first of March, 1829, the said defendant (together with his said joint and several covenantors who are above named and who are not sued in this action or either of them) would pay the said plaintiff or order the sum of $1350, to be discharged on that day in cash notes on good solvent men in Giles county, to be due at that time, for value received.
Is the construction of this covenant that it should be paid in cash if the notes of hand were not paid on the first of March, 1829; or, that their value, as a measure of damages, should be only recovered from the defendant?
As a standard of quantity, no words can be employed more aptly to express it. Dollars as a standard of quantity, secured by the face of the notes of hand, was the only measure furnished by our language applicable to the nature of the property to be paid.
*501 Negotiable securities, in the form of bank paper, bills of exchange, and promissory notes, have assumed characteristics of property, and enter largely into the transactions of society. That they are worth in current coin the amount called for by their face, is untrue generally; and if one covenants to pay another a certain number of dollars to be discharged in notes of hand, it is only meant he undertakes to deliver to the obligee paper calling for that quantity, be the paper worth more or less. Often in cases of foreign, and sometimes domestic bills of exchange, the paper would be worth more than specie dollars. In commercial cities, the market value of bills of exchange is daily known: that they would any day in the year be of precise specie value, no dealer in bills would imagine. If a merchant, or banker here, were to covenant he would in ninety days pay another five thousand dollars in bills on Philadelphia, and fail, he might injure the obligee more than five thousand dollars, because the bills probably would be worth more. So they might be worth less. The terms of quantity are descriptive of the property contracted for, and do not fix the value of the notes as bills at a specie standard; because of the imperfection of language, and the nature of the property, it cannot be described without using the name of the principal and most common current coin. A covenant to pay cash notes, on good and solvent men residing in Giles county, calling for $1350, was a contract for property, and the value of that property in the current coin of the United States on the day the covenant was broken, was the measure of damages. What the notes were worth in current coin, was a fact subject to proof, and which we think was correctly submitted to the jury in this cause. Murray vs. McMackin, Jackson, 1833: Gamble vs. Hatton, Peck’s Rep. 130, per Haywood, Judge.
2. How far the securities are liable on the appeal bond to this court, was decided in the cause of Brown and others *502 vs< Banks, assignee, during this term. The bonds are in the same words, and we think there is nothing in the distinction attempted, that this action of covenant sounded in damages below. The act of 1S27, c. 72, says, in actions for the payment of promissory notes, if an appeal in the nature of a writ of error be prosecuted, the security for the party appealing, shall be bound for the payment of the whole debt, damages and costs, and for the satisfaction of the judgment of the superior court. The securities here are only bound for the damages and costs that may be awarded against their principals in this court, for wrongfully prosecuting the appeal.
1. We affirm the judgment of the circuit court. 2. We award to the appellee, Ghoison, damages after the rate of 12 1-2 per centum per annum. 8. We adjudge the plaintiffs in error to pay the costs of this court. These are the damages and costs imposed by law for wrongfully prosecuting the appeal, and none other can be adjudged without doing violence to the plain import of this bond. Lewis H. Brown’s death will be entered of record, and judgment be rendered as in Banks against Brown, (a)
Judgment affirmed.

 Ante, 198.